MARY CARNEY *v.* JAMES WHITEHURST.

One who claims the land under a conveyance made by the deceased, has a right to intervene in proceedings for dower in such land, instituted by the widow against the heirs of the deceased.  (Act of 1868–'69, c. 93, s. 41.)

MOTION, by a purchaser of the land, to be allowed to intervene in proceedings for dower, heard by *Jones, J.,* at Spring Term 1870, of PITT Court.

The plaintiff had made the heirs parties, alleging that the deceased had died seized, and in possession.   They answered setting up a sale of the lands by the deceased to one Gray, as trustee to pay debts, and that after his death, the trustee had resold them to James Whitehurst.   Whitehurst also moved to be made a party defendant to the proceedings.

His Honor refused the application, and Whitehurst appealed.

*Hilliard,* for the appellant.
*Howard, and Phillips & Merrimon, contra.*

RODMAN, J.  The only question in this case is, whether the application of Whitehurst to come in and be made a party defendant, should have been allowed.  He claimed to own the land in which dower was sought, by a purchase from the deceased during his life time.  Questions of practice merely, in the absence of a positive rule established either by statute or rule or decision of the Court, must be decided on considerations of general convenience.   In this case, however, there existed a positive law which settles the question without argument.   Section 41 of ch. 93, acts 1868–'69, p. 215, enacts that, in proceedings to recover dower, "the heirs, devisees, and other persons in possession of, *or claim-*

*ing estates in the land,* shall be parties." This act was rati-
fied on March 27th, 1869, and was therefore in force at the
time of the application by Whitehurst, at Spring Term 1869;
although, as the act had not been then published, it is not
surprising that it had not come to the knowledge, either of
the Court or of the counsel in the cause. This practice is
in harmony with that established in civil actions by C. C.
P. § 61.

There was error in the judgment below, and this case will
be remanded to the Superior Court of Pitt, in order that
James Whitehurst may be allowed to make himself a party,
and to make defence according to the course of the Court.
The appellant will recover costs in this Court.

PER CURIAM. Error.